IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID N. FIREWALKER-FIELDS,   ) | |
|     Plaintiff,   ) | Case No. 7:22-cv-00596 |
|                       ) | |
| v.                           ) | |
|                       ) | By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al.,    ) | Chief United States District Judge |
|     Defendants.  ) | |

**MEMORANDUM OPINION**

David N. Firewalker-Fields, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"), and David Newcomer, Warden of Augusta Correctional Center. Firewalker-Fields seeks to hold the defendants liable for alleged constitutional violations. The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the named defendants.

    **I.**    **Background**

Firewalker-Fields is currently incarcerated at Augusta Correctional Center. His complaint contains three claims for alleged violations of his constitutional rights for which he seeks injunctive relief and monetary damages. All three claims are asserted against Clarke. The third claim is also asserted against Newcomer.

In his first claim, Firewalker-Fields asserts that Virginia law "permits the Director to appropriate the interest earned on [inmate trust] accounts for general prison purposes . . .

rather than crediting the interest to the individual inmate trust accounts that produced it." Compl., ECF No. 1, at 2. As a result, Firewalker-Fields claims that he has been deprived of the interest earned on the funds in his prison trust account in violation of the Takings Clause of the Fifth Amendment. Id.

In his second claim, Firewalker-Fields alleges that the VDOC's Division of Community Corrections "has placed upon [him] as a condition of community confinement a total and complete ban on internet access." Id. at 3. He asserts that the ban "violates the First Amendment . . . [and] also blocks access to the courts." Id. He further asserts that Clarke is properly named as a defendant with respect to this claim because "Clarke is ultimately responsible for the policies and procedures of the VDOC Community Corrections Division." Id.

In his third claim, Firewalker-Fields alleges that the VDOC has "enacted a blanket ban on non-sexual act nudity that violates the First Amendment." Id. at 4. He references an attached grievance in which he complained of being denied access to photographs of his wife in a bathing suit and lingerie. Id.; see also Compl. Ex. 6, ECF No. 1-1 at 6. He asserts that Clarke is "ultimately responsible for the policies and procedures" implemented by the VDOC, including the Operating Procedure pursuant to which the photographs were denied, and that both Clarke and Newcomer are properly named as a defendants with respect to this claim. Compl. at 4.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien,

3

848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also plead sufficient factual content that allows the court to draw the reasonable inference that the charged official is liable for the alleged violation. Iqbal, 556 U.S. at 678. Having reviewed the complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against either of the named defendants.

### A. Claim 1

Firewalker-Fields first claims that Clarke violated the Takings Clause by failing to pay him the interest earned on the funds in his inmate trust account. The Takings Clause of the Fifth Amendment prohibits the taking of private property "for public use, without just compensation." U.S. Const. amend. V. The Takings Clause applies to state and local governments through the Fourteenth Amendment. Washlefske v. Winston, 234 F.3d 179, 183 (4th Cir. 2000). "A threshold determination in any takings case is whether the plaintiff has asserted a legally cognizable property interest." Nekrilov v. City of Jersey, 45 F.4th 662, 679 (3d Cir. 2022). "Without a legally cognizable property interest, the plaintiff has no cognizable takings claim." Id. (alteration, internal quotation marks, and citation omitted); see also Horne v. Mayor & City of Council of Baltimore, 349 F. App'x 835, 834 (4th Cir. 2009) ("Significantly, in order to state a claim under either the Fifth or Fourteenth Amendment, the [plaintiff] must allege a cognizable property interest.").

Here, Firewalker-Fields's claim fails at the first step because he has failed to show that he has a cognizable property interest in the interest earned on his prison trust account. "Because the Constitution protects rather than creates property interests, the existence of a

4

property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as a state law.'" Phillips v. Wash. Legal Found., 524 U.S. 156, 164 (1998) (quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)). In Washlefske v. Winston, the United States Court of Appeals for the Fourth Circuit "held that, for purposes of the Takings Clause, convicted inmates in Virginia did not have a property right in the interest earned on their prison accounts." Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 252 n.8 (4th Cir. 2005) (citing Washlefske, 234 F.3d at 186). In reaching its decision, the Fourth Circuit noted that Virginia statutes do not give convicted inmates "full rights of 'possession, control, and disposition' over the amounts 'earned' and credited to [their] accounts" or "entitle [them] to the interest or other income earned from them." Washlefske, 234 F.3d at 185 (quoting Phillips, 524 U.S. at 170). Instead, "the right-creating statute vests the right to control such interest or income in prison authorities, with the limitation that such funds be used for the benefit of inmates generally." Id. (citing Va. Code Ann. § 53.1-44). Accordingly, the Fourth Circuit concluded that an inmate in the custody of the VDOC was "not deprived of any property, for the purposes of a Takings Clause analysis, when the Department of Corrections followed the dictates of that statute in using the interest generated from [his prison] accounts." Id. at 180.

Against this backdrop, the court concludes that Firewalker-Fields has failed to show that he has a protected property interest in the interest earned on his inmate trust account. See George v. Johnson, No. 7:09-cv-00333, 2009 U.S. Dist. LEXIS 70739, at *3 (W.D. Va. Aug. 10, 2009) (applying Washlefske, 234 F.3d at 186); see also Tippens v. McDonnell, No. 3:13-

5

cv-00257, 2013 U.S. Dist. LEXIS 155102, at *6 (E.D. Va. Oct. 29, 2013). Accordingly, the complaint fails to state a cognizable takings claim.

### B. Claim 2

In his second claim, Firewalker-Fields alleges that the Division of Community Corrections has violated his rights under the First Amendment by imposing a condition of community confinement that prohibits him from accessing the internet. He seeks to hold Clarke responsible for the alleged violation by virtue of his position as Director of the VDOC. He alleges that Clarke supervises the Division of Community Corrections and is "ultimately responsible for [its] policies and procedures." Compl. at 3. Based on these allegations, Firewalker-Fields maintains that Clarke is properly named as a defendant in both his official and individual capacities. Id.

It is well settled that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior" or vicarious liability. Iqbal, 556 U.S. at 676; see also Jones v. Horne, 634 F.3d 588, 600 (D.C. Cir. 2011) (noting that "section 1983 liability cannot rest on a respondeat superior theory, whether the person is sued in his official capacity or in his individual capacity") (citations omitted); Poolaw v. Marcantel, 565 F.3d 721, 732 (10th Cir. 2009) (emphasizing that "a supervisory relationship alone is insufficient for liability under § 1983"). Although courts have recognized that officials can be held liable under § 1983 for creating or enforcing a policy that caused a deprivation of a plaintiff's constitutional rights, see, e.g., Gordon v. Schilling, 937 F.3d 348, 361–362 (4th Cir. 2019) (collecting cases), the conclusory assertion that Clarke is "ultimately responsible for the policies and procedures of the VDOC Community Corrections Division"

is insufficient to state a claim against Clarke in his official or individual capacity.* See, e.g., Butterfield v. Young, 833 F. App'x 38, 40 (8th Cir. 2021) (holding that the district court properly dismissed official-capacity claims against supervisory correctional officials because the plaintiff "did not allege the existence of any government policy or custom that caused the claimed constitutional violations"); Pemberton v. Patton, 673 F. App'x 860, 869 (10th Cir. 2016) (holding that an inmate's bare assertions that state law rendered the Director of the Department of Corrections "responsible for" correctional policies was insufficient to state a claim against the Director in his individual capacity) (citing Iqbal, 556 U.S. at 681). Accordingly, Claim 2 is subject to dismissal.

### C. Claim 3

In his third and final claim, Firewalker-Fields asserts that the VDOC has implemented a restriction on "non-sexual act nudity" that violates the First Amendment. Compl. at 4. He asserts that Clarke is responsible for the Operating Procedure containing the restriction and that Clarke and Newcomer "are both properly named defendants in their official and personal capacities." Id.

Once again, Firewalker-Fields's conclusory allegations are insufficient to state a claim for relief against either defendant. In addition to providing no explanation as to why Newcomer could be held liable for the claimed constitutional violation, the complaint does not contain sufficient allegations to establish that the challenged restriction violates the First

---

* Any claim for damages against Clarke or Newcomer in his official capacity is also subject to dismissal because the Eleventh Amendment forecloses claims for monetary damages against state employees sued in their official capacities. See Fauconier v. Clarke, 966 F.3d 265, 270 (4th Cir. 2020). "Moreover, whereas 42 U.S.C. § 1983 permits suits against 'every person' who deprives an individual of his or her rights under color of state law, neither States nor state officials acting in their official capacities constitute 'persons' within the meaning of the statute when sued for monetary relief." Id.

Amendment. As an inmate challenging the constitutionality of a prison regulation, Firewalker-Fields must allege facts sufficient to show that the regulation is not reasonably related to a legitimate penological objective. Desper v. Clarke, 1 F.4th 236, 244–245 (4th Cir. 2021); see also Turner v. Safley, 482 U.S. 78, 89 (1987) (holding that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests"). Firewalker-Fields's complaint plainly fails to satisfy this pleading requirement. Therefore, Claim 3 must be dismissed.

## IV.  Conclusion

For the foregoing reasons, the court concludes that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: January 10, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.01.10 15:47:44 -05'00'

Michael F. Urbanski
Chief United States District Judge